| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS | |

United States District Court
Southern District of Texas
**ENTERED**
March 31, 2021
Nathan Ochsner, Clerk

Jacqueline Lieber, §
§
　　　　　Plaintiff, §
§
versus § Civil Action H-18-3067
§
Stadium Motorcars, LLC, §
§
　　　　　Defendant. §

## Opinion on Summary Judgment

1. *Introduction.*

　　Jacqueline Lieber sued Stadium Motorcars, LLC, under the Fair Credit Reporting Act, 15 U.S.C. § 1681, for pulling her credit report without her permission. Stadium has moved for summary judgment saying Lieber has no actual damages. Because Lieber cannot show she has actual damages caused by Stadium's actions, she will lose.

2. *Background.*

　　In November 2017, Jacqueline Lieber went to Stadium Motorcars, LLC, after she received an airbag recall notice for her car. The salesperson told her that the new airbag would not be ready for several months because it would have to be custom made. Lieber asked if Stadium had incentives to buy a new car. The salesperson said it did have an incentive program for people who did not want to wait for the airbag replacement. Lieber requested details about the program but said that she did not want Stadium to pull her credit report. The salesperson said he would give her more information about the program and would not pull her credit report.

　　After talking to his manager, the salesperson asked Lieber how much

money she could put towards a down payment. Lieber asserts that he also said that her credit was bad so she would need a co-signer. Lieber asked to speak to the manager about their pulling her credit report without her permission. He told her that it was not a hard pull, so it would not appear on her credit report. Lieber asserts that it was a hard pull.

Stadium sent Lieber a denial of credit letter that indicated that it got a copy of her consumer report from Equifax and TransUnion.

3. *Fair Credit Reporting Act.*

To succeed on a claim under the Fair Credit Reporting Act, Lieber must show that Stadium willfully or negligently failed to comply with the Act and that failure caused her actual damages. If she can show the failure was willful, she may recover statutory and punitive damages.

Lieber alleges that she suffered actual damages when Stadium did a hard pull on her credit report. She says the pull caused her credit score to decrease, which led to a worse interest rate on a later installment loan with Conn Credit Corporation than she would have received if Stadium had not pulled her credit report. The sole evidence Lieber offers in support of this claim is that her score had been higher in the months before November 2017 than after. Credit scores can increase or decrease for multiple reasons, and Lieber has not shown a direct causal link between an action by Stadium and the decrease in her score. Lieber already had a low credit score, and her displeasure with the rates or loan amounts she has been quoted for various loans is insufficient to support her claim against Stadium for actual damages.

Lieber also claims that she suffered emotional distress because Stadium pulled her credit report. The one fact she gives to support this claim is that she told a friend of hers – whom she considers a therapist but was not speaking to her in that capacity – that she was "frustrated" by Stadium's action. Mere frustration will not support a claim for emotion distress for a violation of the Act.

Lieber also argues she is entitled to statutory and punitive damages under the Act. She says that she told Stadium's salesman not to pull her credit report and that Stadium pulled it anyway. She offers no facts to show that Stadium acted with the required intent or that Stadium acted recklessly. She merely says that she asked for her credit not to be pulled and that she believed a hard pull had occurred.

Because Lieber cannot show that she was damaged by Stadium or that Stadium acted willfully, her claim fails.

4. *Conclusion.*

Jacqueline Lieber will take nothing from Stadium Motorcars, LLC.

Signed on March **30**, 2021, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge